Requestor: Robert J. Ellsworth, Esq., Tappan Fire District P.O. Box 177 Suffern, N Y 10901
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked questions regarding the eligibility of certain persons to be members of the Tappan Fire District.
You have indicated that a captain of the volunteer fire department serving the district is residing temporarily outside the State due to circumstances beyond his control. You state that his temporary residence is in close proximity to the Tappan Fire District and does not affect his ability to respond. You are concerned, however, whether certain provisions of State law require that he resign as a line officer because of his residency outside the State.
Section 176-b(9) of the Town Law provides that non-residents of the State may not be appointed or elected to any office in a fire company or fire department. While not specifically stated, this provision logically requires that a line officer remain a resident of the State throughout his tenure in office. For purposes of holding public office, the term "resident" has been construed to mean "domicile". 1977 Op Atty Gen (Inf) 271. In the absence of a different definition of that term for purposes of residency of line officers of fire companies or fire departments, we believe that domicile should be the test. Domicile requires an intention to make a residence a permanent and fixed home. 1983 Op Atty Gen (Inf) 144. A temporary residence for a temporary purpose, with intent to return to the old home once that purpose has been completed, leaves the domicile unchanged. Ibid. A person may have several residences, but only one domicile. Ibid.
Thus, the actual place where a person is residing is not always the domicile. It is necessary that a determination be made based upon the facts of each case. Applying the above standards, you should determine whether this person's domicile has changed.
Second, you ask whether a volunteer firefighter who is not a citizen of the United States may be sworn in as a fire police officer of the fire district. Fire departments and fire companies may form fire police squads composed of volunteer firefighters who are members of the departments or companies. General Municipal Law § 209-c. Fire police officers perform their duties when the fire department or fire company is on duty or when engaged in a call for assistance on the orders of the chief of the fire department or fire company. Ibid. When exercising their responsibilities, fire police have the powers and status of peace officers. Ibid. Members of these squads are required to take the constitutional oath of office and file the oath in accordance with law.Ibid.
Under section 3-b of the Public Officers Law, a person is not eligible for appointment as a peace officer who is not a citizen of the United States and a resident of the State of New York entitled to vote therein at the time of his appointment. In that a fire police officer possesses peace officer status, only a citizen can be appointed to that position.
We conclude that the facts and circumstances must be examined to determine whether a person who has temporarily changed his residence is no longer domiciled in the fire district. Only a citizen of the United States may be appointed to the position of fire police officer.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.